USDC SCAN INDEX SHEET





KJL   7/30/99   15:14
3:99-CV-00387   AURORA BIOSCIENCES V. ANTICANCER INC
*4*
*ANS/CNT.*

```
 1  MARK W. DANIS (BAR NO. 147948)
    MORRISON & FOERSTER LLP
 2  19900 MacArthur Boulevard, 12th Floor
    Irvine, California 92612-2445
 3  Telephone: (949) 251-7500
    Facsimile: (949) 251-0900
 4
    Attorneys for Defendant
 5  ANTICANCER, INC.
```

FILED
99 JUL 29 PM 1:03
BY: K. [signature] DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA BIOSCIENCES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ANTICANCER, INC., a California corporation,<br><br>Defendant. | Case No. 99cv0387-E(POR)<br><br>**ANSWER TO THE COMPLAINT AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant AntiCancer, Inc. ("AntiCancer") hereby answers the Complaint of Aurora Biosciences Corporation ("Aurora") as follows:

1. In answer to paragraph 1 of the Complaint, AntiCancer admits that the First and Second Claims of the Complaint assert claims under 35 U.S.C. §§ 271 and 281.

2. In answer to paragraph 2 of the Complaint, Anticancer admits that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. In answer to paragraph 3 of the Complaint, AntiCancer admits that venue is proper in this district.



4.  In answer to paragraph 4 of the Complaint, AntiCancer is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and on that basis denies them.

5.  AntiCancer admits the allegations contained in paragraph 5 of the Complaint.

6.  In answer to paragraph 6 of the Complaint, AntiCancer admits that it does business in this judicial district, but denies the remaining averments of paragraph 6.

7.  In answer to paragraph 7 of the Complaint, AntiCancer admits that Aurora represents Exhibits "A" and "B" to the Complaint to be true and correct copies of licensing agreements for United States Patent Nos. 5,625,048 and 5,777,079. AntiCancer is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7, and on that basis denies them.

8.  AntiCancer hereby incorporates by reference its responses to paragraphs 1 through 7.

9.  In answer to paragraph 9 of the Complaint, AntiCancer admits that Aurora's First Claim for Relief is for patent infringement under 35 U.S.C. §§ 271 and 281.

10.  AntiCancer denies the allegations contained in paragraph 10 of the Complaint.

11.  AntiCancer denies the allegations contained in paragraph 11 of the Complaint.

12.  AntiCancer denies the allegations contained in paragraph 12 of the Complaint.

13. AntiCancer denies the allegations contained in paragraph 13 of the Complaint.

14. AntiCancer denies the allegations contained in paragraph 14 of the Complaint.

15. AntiCancer hereby incorporates by reference its responses to paragraphs 1 through 7.

16. In answer to paragraph 16 of the Complaint, AntiCancer admits that Aurora's Second Claim for Relief is for patent infringement under 35 U.S.C. §§ 271 and 281.

17. AntiCancer denies the allegations contained in paragraph 17 of the Complaint.

18. AntiCancer denies the allegations contained in paragraph 18 of the Complaint.

19. AntiCancer denies the allegations contained in paragraph 19 of the Complaint.

20. AntiCancer denies the allegations contained in paragraph 20 of the Complaint.

21. AntiCancer denies the allegations contained in paragraph 21 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE: INVALIDITY**

22. Each of the claims in United States Patent 5,625,048 and United States Patent 5,777,079 (collectively, the "Patents in Suit") is invalid pursuant to Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, 112, and/or 116.

**SECOND AFFIRMATIVE DEFENSE: LACHES**

23. Aurora is precluded from enforcing and from collecting damages on the Patents in Suit under the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE:  EQUITABLE ESTOPPEL**

24. Aurora is precluded from enforcing the Patents in Suit under the doctrine of equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE:  PROSECUTION HISTORY ESTOPPEL**

25. Should the claims of the Patents in Suit be determined to be valid, Aurora is precluded by prosecution history estoppel from asserting a scope of interpretation of the claims to cover AntiCancer's activities.

**FIFTH AFFIRMATIVE DEFENSE:  NON-INFRINGEMENT**

26. Even if all the claims of the Patents in Suit are held valid and enforceable, none of the activities of AntiCancer currently infringes or has ever infringed any of the claims as correctly construed, nor has AntiCancer induced others to commit infringing acts or contributed to the infringement of the Patents in Suit.

**SIXTH AFFIRMATIVE DEFENSE:  DOUBLE PATENTING**

27. United States Patent 5,777,079 is invalid for double patenting.

**SEVENTH AFFIRMATIVE DEFENSE:  LIMITATION ON DAMAGES**

28. Damages, if any, that might be recoverable, which AntiCancer denies, are limited by the provisions of Title 35, United States Code, Section 287 to run from the date of filing of this action or from the date of actual notice by Aurora to AntiCancer of the claim of infringement.

**EIGHTH AFFIRMATIVE DEFENSE:  LICENSE VOID OR INVALID**

29. Any licensing agreement(s) between Aurora and the owner of the Patents in Suit is invalid and/or void, thereby preventing Aurora from enforcing the Patents in Suit.

**NINTH AFFIRMATIVE DEFENSE:   LACK OF OWNERSHIP**

30.   Aurora is precluded from enforcing the Patents in Suit to the extent that the inventions claimed were conceived and developed during research conducted pursuant to funding obtained under a grant from an agency of the United States government, which grant vested any interest in any invention resulting from such research in the United States government for the benefit and use of the public, of which AntiCancer is a member.

**TENTH AFFIRMATIVE DEFENSE:   FIRST SALE DOCTRINE**

31.   Without conceding that it makes, uses or sells any of the inventions claimed in the Patents in Suit, to the extent that AntiCancer did make, use or sell the inventions claimed in the Patents in Suit, such activity was protected by the first sale doctrine.

**ELEVENTH AFFIRMATIVE DEFENSE:   STANDING**

32.   Aurora is not the exclusive licensee of the Patents in Suit and therefore lacks standing to enforce the Patents in Suit.

**TWELFTH AFFIRMATIVE DEFENSE:   EXHAUSTION DOCTRINE**

33.   AntiCancer purchased the accused product(s) from a licensee of Aurora from whom Aurora has collected royalties for the accused product(s), thereby making any enforcement of the Patents in Suit by Aurora against AntiCancer an impermissible extension of the scope of the Patents in Suit in violation of the exhaustion doctrine.

///
///
///
///

AntiCancer hereby COUNTERCLAIMS and alleges as follows:

**FIRST COUNTERCLAIM:   DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT**

34. This is an action for declaratory judgment arising under the Federal Declaratory Judgment Act and the patent laws of the United States.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1338(a), 2201 and 2202. Venue is proper under 28 U.S.C. § 1400.

35. Counterclaimant AntiCancer is a California corporation with its principal place of business in San Diego, California.

36. On information and belief, Counterclaim Defendant Aurora is a Delaware Corporation with its principal place of business in San Diego, California.

37. In this action, Aurora alleges it is the exclusive licensee of United States Patent No. 5,625,048 (the "'048 patent").

38. In this action, Aurora alleges it is the exclusive licensee of United States Patent No. 5,777,079 (the "'079 patent").

39. Aurora has brought suit against Counterclaimant in this action, alleging that Counterclaimant is infringing and/or has infringed the '048 and '079 patents.

40. By virtue of the litigation that Aurora has initiated against Counterclaimant, an actual and justifiable controversy exists between these parties concerning the validity and enforceability of the '048 and '079 patents and concerning Counterclaimant's liability for alleged infringement thereof.

41. Each of the claims of the '048 and '079 patents is invalid or unenforceable, pursuant to Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, 112, and/or 116.

42. Even if all the claims of the '048 and '079 patents are held valid and enforceable, none of the activities of Counterclaimant currently infringes or has ever infringed any of the claims as correctly construed, nor has Counterclaimant induced others to commit infringing acts or contributed to the infringement of said patents.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant accordingly request that the Court:

A. Enter judgment in favor of Defendant and against Aurora on all claims in Aurora's Complaint;

B. Declare that the Patents in Suit are invalid or unenforceable and not infringed;

C. Declare that this is an exceptional case under 35 U.S.C. § 285 and award Defendant its attorneys' fees and expenses in this action; and

///
///
///
///
///
///
///
///

ANSWER AND COUNTERCLAIM
sf-724929

7

99cv0387

D.  Enter such other and further relief to which Defendant may be entitled as a matter of law, or which may otherwise be just and proper.

Dated: July 28, 1999

                MARK W. DANIS
                MORRISON & FOERSTER LLP

                By: _____
                        Mark W. Danis
                Attorneys for Defendant and
                Counterclaimant
                ANTICANCER, INC.

**JURY DEMAND**

Defendant hereby demands trial by jury on all issues to be tried.

Dated: July 28, 1999

                            MARK W. DANIS
                            MORRISON & FOERSTER LLP

                            By: _____
                                  Mark W. Danis
                            Attorneys for Defendants and
                            Counterclaimants
                            ANTICANCER, INC.

**PROOF OF SERVICE BY PERSONAL SERVICE**
(FRCivP 5(b)) or
(CCP 1013a, 2015.5) or
(FRAP 25(d))

I am employed by Reliable Services, whose address is 1540 East Edinger, Santa Ana, California. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on the date hereof I hand-served a copy of:

**ANSWER TO THE COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL**

on the following:

    James F. Lesniak, Esq.
    Frederick S. Berretta, Esq.
    Eric S. Furman, Ph.D., Esq.
    Knobbe, Martens, Olson & Bear, LLP
    501 West Broadway, 14th Floor
    San Diego, California 92101
    Telephone: (619) 235-8550
    Facsimile: (619) 235-0176

    Attorneys for Plaintiff
    Aurora Biosciences Corporation

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed at Irvine, California, this 29th day of July, 1999.

_____  _____
(Printed)                   (Signature)